Brennan is not with us physically, but he has read the briefs. He will be listening to the argument taking part in conference. So you have three judges. Whether you want to pass or not. All right. Case number two. And that is number 20, Appeal 20, 1451. And Mr. Muirer. Good morning, Your Honor. Can you hear me? Perfectly. Can you? Judge Singh? Yes. Yes. Thank you. And you, Ms. Potts, most importantly. Okay. Good morning. May it please the Court. Amada Murara on behalf of the appellant, Mr. Prentice Sanders. The main issue in this case is whether Mr. Sanders' habeas petition crossed the low-required threshold of plausibility in order to require an answer from the state to his habeas petition. Under Rule 4 of the Rules Governing Habeas Petitions, and as the state concedes in their brief, the standard to require a response from the state is low. Mr. Sanders' habeas petition is centered around two main claims. The ineffective nature of his assistance of counsel and as to the knowing involuntary nature of his guilty plea. Mr. Sanders' attempts to... Mr. Murara, can I just clarify with you first, please? It seems to me that your client is only seeking relief under D2, claiming that the state court's factual findings were unreasonable in light of the evidence in the record. Is that correct? Correct, Your Honor. He, of course, goes into how he received ineffective assistance of counsel and the guilty and involuntary nature of his guilty plea, but he does present specific testimony as evidence to rebut the state court's findings of fact and tries to use that testimony to prove that the findings were unreasonable in light of the evidence presented. Mr. Murara, I'd like to with footnote two in the opinion of the Wisconsin Court of Appeals. The 2018 decision, Your Honor? Because in my view, when read in context, the court was clearly saying that Sanders did not appeal the circuit court's finding on ineffective assistance. I checked the public docket of the that he did not appeal the ineffective assistance issue. At least that is how I read his pleadings in that court. I understand, of course, that the state court pleadings are not part of the record in this appeal, but would you concede that we may take judicial notice of what the public docket shows? I just want to clarify that. Your Honor, this court is, of course, free to take judicial notice of the public docket as they see fit. However, Your Honor, Mr. Sanders in his state court brief, of course, argues that his guilty plea was not knowing involuntary, but it's very intertwined with his ineffective assistance of counsel claim. So even if it was not presented cleanly for appeal, they're so intertwined that it's hard to really separate the two, and it should have been read to include the ineffective assistance of counsel claim as well and appeal it, and it was still presented in front of the state court and alerted the state court as to the federal nature of his ineffective assistance of counsel claim, which he does, I believe, use in his brief the word ineffective assistance of counsel a few times on appeal in front of the Wisconsin state court. Now, Your Honor, under the from the state is low. While what Mr. Sanders puts in front of the district court is limited in terms of what he could afford because he was an indigent pro se plaintiff who couldn't afford to put the full record in front of the court, he did attempt to introduce the transcripts and other pleadings by way of specific citations. You know, in the brief, he seemed to argue that anytime there's a habeas claim that a state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, a district court may not dismiss under Rule 4 without reviewing the state court transcripts to see what the evidence was. And am I over reading this argument because that would seem to make Rule 4 a nullity for claims under 2254 D2, right? Your Honor, I wouldn't argue that the district court has to review the full record of every habeas petition. However, we argue that the district court should require at least a response from the state to this specific habeas petition in light of the dismissed petitions that are frivolous and that based on the petition in front of the court and the attached exhibits are frivolous, but Mr. Sanders' petition here was not. So I would say that would be an overbroad reading, but I think because of the specificity of Mr. Sanders' claims and the specific testimony he presents to rebut the state court findings of fact, at the very least, a response should have been required from the state here. And Your Honor, the district court themselves didn't even. Mr. Barrett, what specific transcripts do you think the state should have been required to produce here and why would they have potentially ultimately changed the district court's assessment? Well, Your Honor, I think the most important parts of the record that should have been reviewed would have been one, the initial October 2011 mental health evaluation of Mr. Sanders that was given. That mental health evaluation shows Mr. Sanders' long history of schizophrenia and. But didn't the state court acknowledge that? Well, Your Honor, the state court record gets a little messy and confusing because there was an initial competency evaluation which detailed Mr. Sanders' long mental health history. And then a few years, a few months later, he was restored to competency and they found that. Did the state court acknowledge that in ruling? Um, the, well, the state court circuit court under Judge Hannerhan, when he made the state court findings, he actually didn't address the potential propriety of the not guilty by insanity plea or really go into that. And that's part of the issue with those findings of facts, Your Honor, is one of the reasons Mr. Sanders was granted that evidentiary hearing in the first place was because of his long mental health history and the fact that he has schizophrenia. It's also undisputed in that Mr. Sanders was not on his medication at the time that he did this incident and that he was likely suffering a psychotic episode. In the January 2016 Court of Appeals decision, the Wisconsin Court of Appeals notes the undisputed fact that Mr. Sanders was not on his medication at the time that this incident occurred and the potential propriety of not guilty by insanity plea. However, the state court findings of facts don't discuss at all Mr. Sanders' guilty by insanity plea. So what other, you've identified the mental health evaluation, what other transcripts or evidence in the record from the state court do you think should have been provided for the district court to make a decision here that would have mattered? I think the court should have also had the 2016 Court of Appeals decision. I think the transcripts that they should have had should have been his guilty plea. I think it should have also had the sentencing transcript, Your Honor, because the contrast between Mr. Sanders' guilty plea and when he was sentenced is fairly stark. As the Court of Appeals points out in their 2016 decision, a lot of attention was given to Mr. Sanders' mental health history and his lack of education when he was sentenced and the court immediately went over the pre-sentence investigation report with him, but none of this was addressed at his guilty plea hearing. And so I think those would be important parts of the record for the district court to have in front of them and to look at as well. And also the transcript of the evidentiary hearing to see the portion of the transcript which we've looked at that shows that when Sanders' counsel brought up the propriety of a not guilty by insanity plea, he was actually cut off by the circuit court judge, Judge Hanrahan, and said, we're not even going to go there right now. And that line of questioning was cut off, even though it was an important part of why he was granted the evidentiary hearing in the first place. On the issue of the voluntariness of the plea, whether the court applied the clear and convincing standard or some lower standard, what evidence has Sanders presented to demonstrate that the state courts made any factual error at all, much less an error of constitutional magnitude? Am I correct that to avoid dismissal, he had to make a plausible claim that there was an unreasonable determination of the facts? Correct, Your Honor. And some of the findings of facts that can be seen as unreasonable would have been, for one, the intelligence finding that the circuit court made about how intelligent Mr. Sanders was when he pled guilty. At the time when he pled guilty and when he was sentenced, neither side disputed Mr. Sanders' level of education. However, the circuit court five years later determined that Mr. Sanders was intelligent enough to know what happened, despite Sanders contesting otherwise. So Mr. Sanders went in front of this court for his evidentiary hearing in 2017, and the court decided that because he's intelligent and capable in 2017, he must have been so in 2012. However, when Mr. Sanders pled guilty in 2012, the circumstances were very different from when he went in front of the court for his evidentiary hearing in 2017, and that seems to be an unreasonable finding of facts. When Mr. Sanders pled guilty in 2012, he was freshly restored to competency. He went in front of the court when he argues that he wasn't told by his counsel of any defenses that he had or the elements of his crime. And then when he went in front of the court in 2017, five years later, because it took his public defender's office numerous years to get the appeal in front of the court, Mr. Sanders was more stabilized under medication. He had chronic homelessness throughout his life, but when he was incarcerated, he had more access to mental services and educational services. And so the court looked at how he performed in 2017, and because of that made determination of his intelligence in 2012, and Mr. Sanders argues that was an unreasonable finding because they determined that he was more intelligent than he let on allegedly in 2012 because he couldn't remember exactly and precisely how much schooling he had over 30 years before. Mr. Marr, you have relied pretty heavily on U.S. versus France in a 1982 case from this circuit, which says that the district court has to accept allegations and a habeas complaint as true, but Franzen predates AEDPA, and AEDPA directs that facts that... AEDPA directs that we have to presume that the state court's factual finding is correct unless it's rebutted by clear and convincing evidence. In light of AEDPA, is Franzen still good law? I believe Franzen still is good law, Your Honor, because in Franzen... How can that be consistent? How can taking whatever a plaintiff alleges in a petition is true be consistent with a presumption that the state court's fact finding is correct? Well, Your Honor, there is a bit of a line between Franzen and the Keller case, which is more recent in post-AEDPA that we also cite in our brief. In Franzen, the petitioner in that case points to specific parts of the record that seem to rebut the state court findings of facts, so the court in that case said there should at least be a review of the pertinent parts of the record at least. That's a different issue. Yeah, that's a different issue, and that's consistent with what the Sixth Circuit has said. Correct. And in the Keller case in 2015, the petitioner in that case also points to clear convincing evidence that rebut the findings of the prison at that time that denied the petitioner's good credit standing, and the court in 2015 also sent the case back to the state court. But also, you know, there are some cases in the Seventh Circuit that directly address that. For instance, the McManus v. Neil case that we cite on page 15 of our brief from 2017 doesn't give that deferential finding to the state. And actually, that kind of talks a little bit about what Mr. Sanders is dealing with here, because when the court reverses, the court in part of their findings talk about how conducting a hearing to competency several years after the fact and retroactively wouldn't be helpful in that case. In that case, the trial took place in 2002, but the court made its decision in 2015, and that case didn't give deference. And in this case, too, for Mr. Sanders' case, there is a finding of his competency and intelligence in 2017 based on a hearing in 2012. So there are some parallels and some post-ethnic cases that show that while there is a great level of deference given to the state court and their findings of fact, it's not 100% insulated from review, Your Honor. I'm going to stop you because you're way into your rebuttal time. Sorry, Your Honor. But I will give you the full four minutes that you requested. Thank you. Okay. Ms. Potts. Good morning. May it please the court, my name is Abigail Potts. I represent the respondent in this case. And as we've already touched on, and I can see we already know, this case is really about the one, I think we need to really quickly clear up what that standard is, because I think, especially in the reply brief, that gets a little confused. And then secondly, I want to touch on why Mr. Sanders' petition specifically was correctly and properly dismissed under that standard. So first off, I just want to say that I think there's some confusion around what the Rule 4 standard really is, and how it applies to EdBus. In the reply brief, Mr. Sanders mischaracterizes the standard by leaving out some words. He leaves out the words and attached exhibits. But what the real rule charges the district court with doing is looking at the petition and any attached exhibits and determining whether or not it's plain that Mr. Sanders is entitled to relief. And that's what the court did here. Now, the words that Mr. Sanders leaves out when he quotes it are really important, especially in a case like this, where the attached exhibits are very instructive and really critical to the decision to dismiss. But Ms. Potts, you just said it has to appear plain that he's entitled to relief. Rule 4 says if it plainly appears from the petition and the attached exhibits, that the petitioner is not entitled to relief. Oh, I apologize. No, you're correct. That's a little different. That's correct. Yeah, if it's plain from the petition and the exhibits that he's not entitled to relief. Thank you for correcting me. Yes. And that is what the court did here. I apologize. And what's really important about this and what I kind of want to just emphasize this morning is that those words that he leaves out and that ability for the district court to go in and look at these attachments is really what separates this standard from a general civil pleading standard. So a petitioner in a federal habeas case, which is what we have here, where you're a court decision that is entitled to a certain level of sovereignty, that petitioner has a higher pleading burden, a pleading standard than a regular civil plaintiff in a complaint. And the advisory notes to Rule 4 specifically state that it's not notice pleading, like it is under Rule 8. It's more substantive. There's a substantive element to it. And Rule 4 allows the district court to look at the substance to a bit and determine if the court, if that petitioner is plainly not entitled to relief. And so I think that's one important distinction to make. And then I will also say that Sanders' briefing accuses us of misunderstanding AEDPA, but I actually would say that I think what Sanders doesn't realize is that AEDPA is very relevant to this analysis. So while AEDPA is distinct from the Rule 4 standard, the district court properly considered dismissal within the confines of AEDPA, because as this court knows very well, AEDPA is designed to protect the sovereignty of the state by giving a high level of deference to state court decisions, especially factual determinations. I'm going to break in because I would like to have you address footnote two. You know, the Wisconsin Court of Appeals. As I noted, with petitioners' counsel, the public docket supports the court's footnote. But if we did not have access to the public docket, are you contending that we would have to conclusively credit what the Court of Appeals said in that footnote? What if the court inadvertently missed that issue? It's rare, but it happens. The courts miss things. Why didn't the state cite Sanders' state court pleading in the public docket instead of this footnote? Well, we have the, we cited the decision and the footnote because that is what was included as a the district court. When the district court was applying rule four, it had in front of it, the Court of Appeals decision. And what the district court can do under rule four is look at all of that and make some determination. And I think that what that footnote shows is that that Sanders did not appeal that issue or at the very least did not appeal it to the degree necessary to overcome a procedural bar for habeas. So even if he had made reference to it somehow in a different claim, that's not enough to exhaust a claim in state court and get federal habeas review of that claim. So it was, it's our position that it was, there is not an ineffective assistance of counsel claim that is properly before a federal habeas court at this point. And what we have to show for that is that footnote. Now, if we had been asked to answer, we would have moved to dismiss that claim and provided much more evidence of that, including the pleadings that you saw and took judicial notice of. But I think there was enough for the district court to dismiss this petition based on what was in the petition and the attached exhibits. And so I think just to kind of recap the standard stuff, the two points I wanted to make there. One is this is not a civil obligation and standard for Mr. Sanders. And secondly, EDPA really does apply and really did come into play here when the district court was evaluating this petition. And I want to give one great example of that, which is since EDPA makes credibility determinations virtually unassailable on habeas, that is why the district court in this case could find, correctly find under rule four, that from the documents before it, Mr. Sanders was plainly not entitled to relief. Now I'll go kind of more into that, segues us a little bit into Mr. Sanders's specific petition and why it fails. Before you go to the specific petition, could a petitioner who is challenged bringing a D2 claim based on the facts only, not a D1 claim based on law, based on facts, ever get around rule four seeking relief if he attaches a state court ruling that relies on credibility? It's kind of the flip of what Judge Roever mentioned earlier. Yeah. Yeah. Next question. Okay. So you raise interesting points. I think you guys do too. Very often we do see petitioners get around rule four with factual based claims. I would like to say, coming from the state's position here, that every state court decision has a wonderful recitation of facts and what its conclusions are relying on, but they don't always. But I think the difference, Ms. Potts, is what we don't see. We see petitioners getting around it, but it's very rare to have it thrown out at the screening stage. It's very rare. So if this is affirmed, every challenge that's based just on D2 on a factual determination, are district courts going to start throwing them out at the screening stage because there's no way to get around a credibility determination under rule four at the pleading stage? Well, I would say that I don't see this happening frequently because each of these cases are going to be very fact specific. It's going to be largely based on what is before the district court judge, what attachments does the judge have along with that petition? And I think a petitioner will often get around dismissal if the petition alleges more than simply a dispute with a credibility determination. I think credibility determinations are going to be very, should be very, very hard to challenge on habeas. So it seems like if there's a credit, if it's a D2 only claim and there's a credibility determination and the petitioner attaches the state court opinion, that it's going to be fairly easy to dispose of that at the initial screening. I would hope so because very rarely are these petitions based only on a credibility determination. Usually they're based on a dispute of fact or that the court did not consider facts at all. Isn't that in part what Mr. Sanders is arguing here? Looking at his petition that was filed, he is referencing the sentencing transcript and the plea transcript and essentially saying the court ignored that evidence. Isn't that more than just a credibility determination? I know the briefs have framed it as a credibility, but why isn't that something beyond just credibility? Really saying the court didn't consider this, which it should have. Well, you're correct that Sanders petition brings up a lot of allegations and allegations of fact. And he does mention things that are even outside the scope of what the decision, the circuit court's decision actually says. But I really think this is exactly the kind of case that Rule 4 was what we see here is we see a uniquely thorough circuit court decision that cites to the transcript in its factual findings. No circuit court decision is ever going to be able to include every fact from every transcript at every stage of a proceeding. Now, what the circuit court did that was enough here is it cites very thoroughly its reasoning and the evidence it relied on for the claims that are relevant here. Wouldn't you agree that the mental health evaluation and the plea transcript and the sentencing transcript would be relevant to the determination of his competency to enter a plea? Not necessarily. How could the plea transcript at a minimum, he's challenging the knowing and voluntariness of his guilty plea. It seems like looking at what transpired and how he responded to questions would be necessary to determine that. Well, and that's what Sanders argues here. But I would just disagree. I disagree on that point. I think there's a big difference between competency to proceed to trial and whether your plea is voluntary or not. He at no point brought a I was not competent to stand trial claim. Now, he is using his competency. I don't know if there's a big difference. There is a difference in the legal standard. It's a different standard. Yeah, it's a different standard. And in some ways, courts take very, very, very seriously the plea voluntariness. And they ask lots of questions. You're not saying that somebody could be incompetent to go to trial but able to enter a knowing and voluntary plea, are you? No, I mean, they shouldn't. Obviously, shouldn't be there in the first place. But it's different. I think when you conflate them, it gets a little bit confusing. So I want to make sure that we understand that they're distinct things. And he was found competent to proceed to trial. And his defense attorney had no qualms about him going to trial and no complaint about that. So I feel like it's getting his competency evals are getting a little bit brought in where maybe they're not necessarily relevant. I think that this case reminds me of the small case where the court in small explained that a petitioner may claim that they have a problem with the facts that the court relied on. But when you really look at it, when you really look at what they're claiming and the allegations they're making, they're going into conclusions. They're really having a problem with how the court actually weighed the facts before it. And I would submit that that is why this petition was properly dismissed at that early stage is because the circuit court's decision, and then the court of appeals decision, which this court is really, what we're really looking at, the state court of appeals decision, relied on very thorough recitation of both citations of the transcript and the reasoning for its findings. And that is unique. That's not going to happen in every case. But that is why the district court in this case got this one right, because it applied within the EDPA's deferential standard to things like credibility determinations. The circuit court's decision was enough to show that there wasn't a constitutional level violation here. And that's, I think, where this has to stay at that level, where we are here on habeas to check and make sure that there is not a large level constitutional problem with a stage of this. And the district court did that, and I think did that correctly. So that's one point I would like to make. Another thing that I would just like to touch on is that there's a little bit of a confusion on what he had to plead in terms of plausibility. The term plausibility is thrown around a lot. But what I think is really more relevant here is whether or not there was a real possibility of a constitutional level error. And that is what the district court was really evaluating for. And I think the district court got that correct in this case. And I think that will function. I think we need to uphold the district court's decision in this case in order to let Rule 4 properly function as kind of a gatekeeping function for habeas cases. Because I think the case is really obvious that it got it right. And it's a state court doing a really nice job explaining its decision. So I will stop there, unless there's any additional questions. Thank you very much. Yeah, thank you. Four minutes for Mr. Mirar, please. Thank you, Your Honor. So I just want to first address the state's contention of how we presented Rule 4. We presented the entire rule and also about the exhibits. And I would point just off the top of my head, page 17 and 21 of our brief, where we included the entirety of Rule 4. So we didn't exclude any mention of the exhibits. And actually, we are advocating for the use of the exhibits. We're advocating for the use of the record. If the district court wants to dismiss Mr. Sanders' petition, it should have done so on the record as a whole in order that under the rules, the district court has that power. Mr. Sanders tried introducing it by way of specific citations to transcripts and testimony. And not just his own testimony, he presents testimony from his trial counsel. And while the state court doesn't have to talk about every single fact, and every single thing that popped up in the transcripts, they should at least consider very important parts of it. And there are certain things that Mr. Sanders cites to that doesn't show up at all in the state court findings. For instance, the state court doesn't talk about how Mr. Sanders' trial counsel couldn't recall or doesn't remember going over the jury instructions with Mr. Sanders. That's on page 24 of Sanders' petition, where he cites to page 14 of the transcript. Mr. Sanders talks about how his trial counsel admitted that he did not go over the elements of lesser offenses that Mr. Sanders' crimes probably would have fit better in page 24 of his petition. And also, I do want to just address what the pleading standard is for pro se petitioners here. Mr. Sanders is a pro se petitioner when he presented this petition to the district court. And I just want to remind the court of the very liberal pleading standards for pro se petitioners. Mr. Sanders is not an attorney. He, even the state court, circuit court findings, find that Mr. Sanders has at the very least less than a high school education. And so I think raising the pleading standard for a pro se petitioner goes against kind of the thrusts of the policy behind the pleading standards of access to the courts for pro se petitioners. And, you know, I also want to address kind of just the small case that the state also just talked about a little bit. And, you know, in the small case, that's distinguishable here, because at least in that case, the district court considered the ineffective assistance of counsel claim, which here the district court did not, even though Mr. Sanders cites to the seminal case on ineffective assistance of counsel on page 28 of his habeas petition towards the end. And a review of the transcript, even according to small, isn't required if it accurately summarizes the trial testimony and the petitioner does not quarrel with that testimony. Neither of specific testimony to contradict those trial court summaries of fact. And also he presents that as evidence to quarrel with that, to quarrel with the conclusions reached from that. And, you know, the circuit, the circuit court findings are very thorough, but things like the intelligence determination five years after the fact doesn't strike Mr. Sanders as a reasonable finding. In fact, his public defender filed nine extensions of time. And this court, of course, and some of their other recent decisions, such as in the Carter case from 23 140, talked about the Wisconsin public defender's failure to adequately defend the cases assigned to them. And that was something that happened here with Mr. Sanders until a finding of fact was made five years after, because they were just handing out extensions of request. And it took a court. And there is a constitutional error present here. Your honor, Mr. Sanders, only plausible defense was not guilty by insanity, wasn't on his medication. And his attorney acknowledged the propriety of such a defense, but never presented it. Sanders pleaded to his original charges that foregoing Mr. Sanders only plausible defense can amount to a constitutional violation. And I see that I'm out of time. So unless there's any other questions, your honor. None that I can see. So, Mr. Murar, you were appointed by the court, and you have the deep thanks of the court for taking on the case and for doing such a fine job with it. And as always, we thank the government as well for the fine job the government has done, and the case will be taken under advice.